# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:07cr13

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **JOSEPH ROSS HELMS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on defendant's Motion to Revoke Pretrial Release (#15). Review of the pleading does not reveal any violation of this court's release Order, and that no violation report has been received from the pretrial services officer. While defendant does appear to be serving a state sentence, the court does not have any reason to believe that such offense occurred while defendant was on pretrial release. At this point, the proper way to have defendant returned is through issuance of a writ *ad prosecuendum,* which also may not accomplish the implicit goal of having defendant receive credit on his federal sentence for time being served in state custody.[1] This problem was squarely addressed by the most senior

_____

[1] The court notes and appreciates the efforts defense counsel has made on behalf of her client to secure for him every possible consideration.

district judge in this circuit, Honorable Sol Blatt, United States District Judge, who held:

> The only time the petitioner was in federal custody prior to the imposition of his federal sentence was when the USM borrowed him pursuant to a writ of habeas corpus *ad prosequendum*. The Courts have consistently held a federal sentence does not begin to run when a federal defendant is produced for prosecution by a writ of habeas corpus *ad prosequendum* from state custody. See <u>Stewart v. Bailey, 7 F.3d 384, 389 (4th Cir.1993)</u>(a prisoner is not even "in custody" when he appears in another jurisdiction's court pursuant to an *ad prosequendum* writ; he is merely "on loan" to that jurisdictions authorities); <u>Thomas v. Whalen</u>, 962 F.2d 358, 361 n. 3 (4th Cir.1992). In other words, <u>the state retains primary jurisdiction over the prisoner when a prisoner appears in court pursuant to a writ of habeas corpus *ad prosequendum*. Federal custody does not commence until the state authority relinquishes the prisoner upon satisfaction of the state obligation.</u>

<u>Wallace v. Hamidullah</u>, 2006 WL 752851, 5 (D.S.C. 2006)(emphasis added).[2]  In the end, it is up to the United States Attorney to seek a writ, and it is left to the Attorney General to determine the credit a particular person will receive.


## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Revoke Pretrial Release (#15) is **DENIED** without prejudice.

---

[2] Due to the limits of ECF, a copy of such unpublished opinion is placed in the electronic record through reference to the Westlaw citation.

Signed: October 19, 2007

Dennis L. Howell
United States Magistrate Judge