# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:07-cr-00013-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>JOSEPH ROSS HELMS, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Brief in Support of Motion for Modification and Lenience" [Doc. 23], which the Court construes as a motion for a reduction of sentence and a release of detainer.

The Defendant pleaded guilty pursuant to a written plea agreement to bank fraud and was sentenced in March 2008 to 18 months' imprisonment. [Doc. 20]. In his motion, the Defendant indicates that he is currently serving a nine-year sentence in a state penitentiary and would be released on September 27, 2016, but for the existence of a detainer placed on him by the United States Marshals in connection with the above-referenced conviction. [Doc. 23 at 2]. The Defendant requests that his 18-month sentence be

modified and the federal detainer released so that he may be released from state custody and begin serving a term of probation. [Id.].

The Interstate Agreement on Detainers Act ("IADA") is a compact among forty-eight (48) states, the District of Columbia, and the Federal Government which allows a prisoner incarcerated in one state to demand the speedy disposition of "any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner" by another state. 18 U.S.C. App. 2 § 2, Art. III. The purpose of the IADA is "to encourage the expeditious and orderly disposition of [pending] charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints" filed against prisoners. 18 U.S.C. App. 2, § 2, Art. I.

As the Supreme Court has explained, the IADA is limited to detainers lodged against prisoners with new criminal charges pending. See Carchman v. Nash, 473 U.S. 716, 726 (1985). Because there is no federal criminal charge pending against the Defendant, the Act is inapplicable to his current detainer. See id. Accordingly, the Defendant's request for relief under the IADA must be denied.

The Defendant's request for a modification of his sentence also must be denied. Pursuant to 18 U.S.C. § 3582(c), the Court may reduce or modify

a sentence only: (1) upon motion of the Director of the Bureau of Prisons, if certain extraordinary and compelling reasons so warrant; (2) under the express authority of Rule 35 of the Rules of Criminal Procedure, which provides that the Court may correct a clear error in a sentence within 14 days after sentencing or reduce a sentence upon motion by the Government for the defendant's substantial assistance; or (3) when a defendant is sentenced to a term of imprisonment based upon a sentencing range that was subsequently lowered by the United States Sentencing Commission. See 18 U.S.C. § 3582(c). None of these circumstances are applicable in the present case. Accordingly, the Defendant's motion for a modification of his sentence is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Brief in Support of Motion for Modification and Lenience" [Doc. 23], which the Court construes as a motion for a reduction of sentence and a release of detainer, is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 19, 2016

Martin Reidinger
United States District Judge